## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERALD SHOUSE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-06-1012-F |
| | ) | |
| JUSTIN JONES, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>O R D E R</u>

Before the court is petitioner's Motion to Vacate Pursuant to Rule 60(b), filed February 28, 2008 (doc. no. 32).

On September 19, 2006, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 25, 2007, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation recommending the habeas petition be denied. By Order filed February 8, 2007, the court adopted the Report and Recommendation and denied the habeas petition. Judgment was entered that same day. On February 14, 2007, petitioner appealed the court's ruling to the Tenth Circuit Court of Appeals. On February 15, 2007, this court denied petitioner a certificate of appealability. By Order filed July 13, 2007, the Tenth Circuit denied petitioner a certificate of appealability and dismissed the appeal. Petitioner has now filed his Rule 60(b) motion seeking to vacate the court's order and judgment denying the petition for a writ of habeas corpus under 28 U.S.C. § 2254 and to challenge the court's order denying a certificate of appealability.

Before addressing the merits of petitioner's motion, the court must determine whether it counts as a "true" Rule 60(b) motion or should instead be characterized as a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Following the Supreme Court's decision in Gonzalez v. Crosby, 545 U.S. 524 (2005), the Tenth Circuit, in Spitznas v. Boone, 464 F.3d 1213 (10th Cir. 2006), stated:

> [A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

Id. at 1215-1216 (citations omitted).

Initially, petitioner challenges Magistrate Judge Bacharach's application of Stone v. Powell, 428 U.S. 465 (1976), to preclude habeas corpus review of petitioner's fourth amendment claim. In the Report and Recommendation, which was adopted by this court, Magistrate Judge Bacharach concluded that because the state courts afforded petitioner a full and fair opportunity to litigate the fourth amendment issue, the court was precluded from considering the merits of petitioner's fourth amendment claim based upon the holding of Stone. Because the court never reached the merits of petitioner's fourth amendment claim, the court concludes that petitioner's motion to the extent it claims that the court erred in applying Stone is not a second or successive habeas petition. The court therefore finds that petitioner's motion to the extent it challenges the court's application of Stone is a true 60(b) motion.

---

[1] A district court does not have jurisdiction to address the merits of a second or successive habeas petition until the Tenth Circuit Court of Appeals has granted the required authorization under 28 U.S.C. § 2244(b)(3). See, 28 U.S.C. § 2244(b)(3).

Petitioner claims entitlement to relief under Rule 60(b)(1), (2),(3),(4) and (6). Petitioner's motion under Rule 60(b)(1), (2) and (3), however, is untimely since motions based on these grounds must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." *See*, Rule 60(c), Fed. R. Civ. P. The court's order and judgment were entered on February 8, 2007 and petitioner's motion was not filed until February 28, 2008.

Petitioner additionally claims entitlement to relief under Rule 60(b)(4), which authorizes relief from void judgments. However, a judgment is not void merely because it is or may be erroneous. LaFleur v. Teen Help, 342 F.3d 1145, 1153 (10th Cir. 2003). For a judgment to be void under Rule 60(b)(4), it must be determined that the rendering court was powerless to enter it. V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 224 (10th Cir. 1979). Petitioner's motion does not challenge the court's jurisdiction to enter its order and judgment.

Further, plaintiff claims entitlement for relief under Rule 60(b)(6), which authorizes relief based upon "any other reason that justifies relief." A request for relief under Rule 60(b)(6) must satisfy two requirements to succeed. First, the request must be filed within a reasonable time. *See*, Fed. R. Civ. P. 60(b). Second, relief may only be granted "when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 580 (10th Cir. 1996) (citation omitted); *see also*, Gonzalez, 545 U.S. at 535 (movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" justifying the reopening of a final judgment.)

Assuming *arguendo* that petitioner's motion filed over a year from this court's denial of habeas relief was filed within a reasonable time, the court concludes that extraordinary relief is not warranted and that justice would not be offended to deny the relief. The court remains convinced that Magistrate Judge Bacharach's application

of <u>Stone</u> was correct.  The court therefore concludes that petitioner's motion to the extent it challenges the application of <u>Stone</u> should be denied.

In his motion, petitioner also contends that the court erred in denying petitioner a certificate of appealability.  The court concludes that petitioner's motion in regard to this claimed error is a true Rule 60(b) motion.  The court again concludes that petitioner is not entitled to relief under Rule 60(b)(1), (2) and (3) as his motion is untimely filed.  Petitioner is not entitled to relief under Rule 60(b)(4) as he does not contend that the court was without jurisdiction to enter its order.  The court further finds that petitioner is not entitled to relief under Rule 60(b)(6) as nothing in petitioner's motion convinces the court that it erred in its ruling of February 15, 2007 denying the certificate of appealability.  Indeed, the court notes that the Tenth Circuit similarly denied petitioner a certificate of appealability and dismissed his appeal.

Petitioner, in his motion, additionally challenges Magistrate Judge Bacharach's application of the standard of review under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d).  Petitioner contends that the pre-AEDPA standard of review should have been applied.  The court concludes that petitioner's motion to the extent it challenges Magistrate Judge Bacharach's application of the AEDPA standard of review, which the court adopted, is a second or successive habeas petition.  Although petitioner may be attempting to assert a defect in the federal habeas proceeding, the court concludes that petitioner's challenge leads inextricably to a merits-based attack on the disposition of the prior habeas petition.  The court therefore concludes that petitioner's motion to the extent it challenges the application of the AEDPA review should be dismissed for lack of jurisdiction.  *See*, <u>Spitznas</u>, 464 F.3d at 1227 ("Since the claim was successive . . . the district court . . . could only dismiss the petition or transfer it to us for certification.")

In his motion, petitioner makes claims of the existence of newly discovered evidence after the state court proceedings, fraud perpetrated on the state court by law enforcement officers and members of the prosecution team and denial of due process due to state's failure to abide by its own laws.  The court concludes that the motion to the extent it raises these claims is a second or successive habeas petition rather than a true Rule 60(b) motion and should be dismissed for lack of jurisdiction.  *See*, Spitznas, 464 F.3d at 1227.

IT IS THEREFORE ORDERED that petitioner's Motion to Vacate Pursuant to Rule 60(b), filed February 28, 2008 (doc. no. 32), to the extent petitioner challenges the application of Stone v. Powell, 428 U.S. 465 (1976), to preclude habeas corpus review of petitioner's fourth amendment claim, is a "true" Rule 60(b) motion and is **DENIED**.

IT IS ALSO ORDERED that petitioner's Motion to Vacate Pursuant to Rule 60(b), filed February 28, 2008 (doc. no. 32), to the extent it challenges the court's order denying a certificate of appealability, is a "true" Rule 60(b) motion and is **DENIED**.

IT IS ALSO ORDERED that petitioner's Motion to Vacate Pursuant to Rule 60(b), filed February 28, 2008 (doc. no. 32), to the extent petitioner challenges the application of the standard of review under the Antiterrorism and Effective Death Penalty Act, is a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 and is **DISMISSED** for lack of jurisdiction.

IT IS ALSO ORDERED that petitioner's Motion to Vacate Pursuant to Rule 60(b), filed February 28, 2008 (doc. no. 32), to the extent petitioner makes claims of the existence of newly discovered evidence after the state court proceedings, fraud perpetrated on the state court by law enforcement officers and members of the prosecution team, and denial of due process due to state's failure to abide by its own

laws, is a second or successive petition for a writ of habeas corpus under 28 U.S.C.
§ 2254 and is **DISMISSED** for lack of jurisdiction.

DATED March 6, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-1012p006.wpd